IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| LEONARD LEE DAVIS, JR., | : | |
| Plaintiff, | : | |
| | : | NO. 3:24-cv-110-TES-CHW |
| VS. | : | |
| | : | |
| Officer PRATER, *et al.*, | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | <u>BEFORE THE U.S. MAGISTRATE JUDGE</u> |
| Defendants. | : | |
| | : | |

## ORDER AND RECOMMENDATION

Plaintiff Leonard Lee Davis, Jr., an inmate in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. He also moved to proceed *in forma pauperis*. ECF No. 2; ECF No. 6. Plaintiff's motions for leave to proceed *in forma pauperis* are now **GRANTED**, as discussed below, and thus, his complaint is ripe for preliminary review. On preliminary review, Plaintiff will be allowed to proceed on his excessive force claim against Officer Willis and failure to intervene claim against Officer Prater. It is **RECOMMENDED**, however, that Plaintiff's deliberate indifference to serious medical needs claim against Officer Prater and Dr. Nolley be **DISMISSED** without prejudice.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2; ECF No. 6. As it appears Plaintiff

is unable to pay the cost of commencing this action, his applications to proceed *in forma pauperis* are hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I. <u>Directions to Plaintiff's Custodian</u>

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the Georgia Diagnostic and Classification Prison. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. §

1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.     Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court

must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Pro se pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Factual Allegations

Plaintiff states that on November 19, 2023, while he was a pretrial detainee in the Walton County Jail, Officer Willis maced him while Officer Prater watched. ECF No. 1 at 4. According to Plaintiff, Willis maced him because he told Willis and Prater that he did not want to take a shower. *Id*. at 5. After macing Plaintiff, they escorted him to see a nurse. *Id*. Plaintiff states that his "blood pressure was extremely high" and the nurse indicated he needed "immediate attention." *Id*. at 5. But Officer Prater "refused to let him get seen and threw [him] in a holding cell." *Id*. Plaintiff states he did not see the nurse again until three days later.

Plaintiff also alleges that "Dr. Nolley has been neglecting [him] medically." *Id*. at 4. According to Plaintiff, Dr. Nolley "has not given [him] his pills properly" and has "neglected to do his job." *Id*. at 5. Plaintiff states that "[i]t took ten months to see [a] cardiologist." *Id*.

III.  Plaintiff's Claims

A. Excessive force claim against Officer Willis

Plaintiff states that when he told Officer Willis he did not want to take a shower, Willis maced him. ECF No. 1 at 4-5. Plaintiff was a pretrial detainee at the time and, therefore, the Fourteenth Amendment excessive force standard applies. "To establish a claim for excessive force in the Fourteenth Amendment context, 'a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable.'" *Ireland v. Prummell*, 53 F.4th 1274, 1297 (11th Cir. 2022) (quoting *Kingsley v. Hendrickson*, 576 U.S. 289, 396-97 (2015)).

There is no precise test to determine reasonableness because "objective reasonableness turns on the 'facts and circumstances of each particular case.'" *Kingsley*, 576 U.S. at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Preserving and maintaining jail security and discipline may require jail officers to use force. *Piazza v. Jefferson Cnty., Ala.*, 923 F.3d 947, 953 (11th Cir. 2019) (quoting *Kingsley*, 576 U.S. at 397). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 397. The Court in *Kingsley* provided a non-exclusive list of factors that a court may consider in determining the reasonableness of force used in any given situation. These factors include:

> The relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem

6

at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 576 U.S. at 397.

Plaintiff has provided few facts. He states that Officer Willis maced him because he told Willis he did not want to take a shower. ECF No. 1 at 5. While it is far from clear that Plaintiff will prevail, this claim may go forward for further factual development.

### B. Failure to intervene claim against Officer Prater

Plaintiff states that Officer Prater stood by and watched Officer Willis Mace him. ECF No. 1 at 4-5. "If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir.1986) (citations omitted). As with his excessive force claim against Officer Willis, it is certainly not clear that Plaintiff will prevail on this claim against Officer Prater. But the claim may go forward for further factual development.

### C. Deliberate indifference to serious medical needs claims against Officer Prater and Dr. Nolley

To state a claim for deliberate indifference to serious medical needs, a plaintiff must allege "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted). The first prong is objective, and

> a serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. . . . In

7

> either of these situations, the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm.

*Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation marks and citations omitted).

To establish the second element—deliberate indifference—a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (quoting *Farmer v. Brennan*, 411 U.S. 825, 839 (1994)). Subjective awareness requires that the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (citing *Farmer*, 511 U.S. at 837). "'[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual defendant must be judged separately and on the basis of what that person kn[ew].'" *Dang v. Sheriff, Seminole Cnty.*, 871 F.3d 1272, 1280 (11th Cir. 2017) (quoting *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008)). To establish that a particular "defendant acted with 'subjective recklessness as used in the criminal law'" the plaintiff must allege "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1255.[1]

---

[1] The Eighth Amendment, which prohibits the infliction of cruel and unusual punishment, sets the standard that governs deliberate indifference claims by convicted state prisoners. *See Goebert v. Lee Cnty*, 510 F.3d 1312, 1326 (11th Cir. 2007). "Technically, the Fourteenth Amendment Due Process Clause, not the Eighth Amendment prohibition on cruel and unusual punishment, governs pretrial detainees. . . ." *Id*. But the standards are the same. *Id*. While the Circuit has not expressly held that *Wade's* subjective recklessness

8

Liability cannot be based on simple negligence or medical malpractice, but rather on some sort of conscious disregard for a serious and imminent risk. *Farmer*, 511 U.S. at 834; *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (explaining that mere allegations of negligence or malpractice do not amount to deliberate indifference). A plaintiff must demonstrate that the defendant's response to an objectively serious medical need "was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (citations omitted); *see Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Indeed, Eleventh Circuit

> recently reiterated, deliberate indifference is not a constitutionalized version of common-law negligence. To the contrary, we (echoing the Supreme Court) have been at pains to emphasize that the deliberate indifference standard . . . is far more onerous than normal tort-based standards of conduct sounding in negligence, and is in fact akin to subjective recklessness as used in the criminal law. With respect to prisoners' medical care, in particular, we have held that the Eighth Amendment doesn't require it to be perfect, the best obtainable, or even very good. Rather, we have emphasized, [m]edical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.

---

standard applies to pretrial detainees, it has consistently held that the deliberate indifference standard under the Eighth and Fourteenth Amendments are the same. *See Goebert*, 510 F.3d at 1326. Thus, it appears the subjective recklessness standard articulated by the Eleventh Circuit in *Wade* applies to pretrial detainees as well.

9

*Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020) (quotation marks and citations omitted).

A prison official might act with deliberate indifference by denying or delaying medical care or by providing "medical care which is so cursory as to amount to no treatment at all." *Dang*, 871 F.3d at 1280 (citations omitted). But "[s]ome delay in rendering medical treatment may be tolerable depending on the nature of the medical need and the reason for the delay." *Adams* v. Poag, 61 F.3d 1537, 1544 (11th Cir. 1995).

The final prong simply requires "that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (citation omitted) (explaining that "as with any tort claim, [plaintiff] must show that the injury was caused by the defendant's wrongful conduct").

In this case, Plaintiff states that Officer Prater took him to see the nurse after Officer Willis maced him. ECF No. 1 at 4-5. According to Plaintiff, his blood pressure was "extremely high," and the nurse said he needed "immediate attention." *Id*. at 5. Prater then put Plaintiff in a holding cell, where he was not seen by another nurse until three days later. *Id*.

Even assuming Plaintiff's high blood pressure is a serious medical condition, Plaintiff has not alleged his condition was worsened in any respect by Prater's failure to get him "immediate attention." *Id*. Plaintiff merely indicates that Prater put him in a holding cell and that he saw a nurse three days later. He does not show how this delay harmed him in any way. Thus, Plaintiff has failed to state facts sufficient to show that

Prater's actions (or inactions) caused him any injury. Given this, Plaintiff has failed to state a claim for deliberate indifference to serious medical needs against Prater.

As for Dr. Nolley, Plaintiff's allegations are conclusory and general. ECF No. 1 at 5. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. Ltd., v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). All he alleges is that Dr. Nolley is neglecting his job; "neglecting [Plaintiff] medically," and failing to properly dispense to Plaintiff some unspecified pills. *Id*. at 4. These allegations fail to establish any element necessary for a deliberate indifference to serious medical needs claim; they do not show a serious medical need, deliberate indifference to that need, or resulting harm.

Similarly, Plaintiff's allegation that he had to wait ten months to see a cardiologist fails to state a claim for deliberate indifference to serious medical needs against Dr. Nolley. Plaintiff has not told the Court why he needed to see a cardiologist. He also fails to link Dr. Nolley to this allegation. In other words, Plaintiff does not tell the Court what role Dr. Nolley played in Plaintiff's delay in seeing a cardiologist. Finally, Plaintiff has not told the Court how this ten-months delay impacted his health, if at all.

It is, therefore, **RECOMMENDED** that Plaintiff's Fourteenth Amendment deliberate indifference to serious medical needs claim against Officer Prater and Dr. Nolley be **DISMISSED** without prejudice.

IV.    Conclusion

It is **ORDERED** that Plaintiff's motions to proceed *in forma pauperis* are **GRANTED**. ECF No. 2; ECF No. 6. For the foregoing reasons, Plaintiff's excessive force

11

claim against Officer Willis and his failure to intervene claim against Officer Prater shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's deliberate indifference to serious medical needs claims against Officer Prater and Dr. Nolley be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Officer Willis and Officer Prater, it is accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party

and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be

advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 10th day of February, 2025.

                                        s/ Charles H. Weigle
                                        Charles H. Weigle
                                        United States Magistrate Judge