IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| LEONARD LEE DAVIS,<br><br>*Plaintiff*,<br><br>v.<br><br>Officer PRATER, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>3:24-cv-00110-TES-CHW |

**ORDER**

On February 11, 2025, Judge Weigle entered an Order and Recommendation [Doc. 7] granting Plaintiff Leonard Davis leave to proceed *in forma pauperis*, but recommending that the Court dismiss certain claims Plaintiff raises—namely, the deliberate indifference to medical needs claims against Officer Prater and Dr. Nolley. [Doc. 7]. Following that, Plaintiff filed Objections [Doc. 8] to Judge Weigle's Recommendation. Therefore, the Court reviews Judge Weigle's Recommendation *de novo*. *See* 28 U.S.C. § 636(b)(1).

As a primer, the Court incorporates Judge Weigle's factual narrative (which Plaintiff does not contest) to set the scene:

> Plaintiff states that on November 19, 2023, while he was a pretrial detainee in the Walton County Jail, Officer Willis maced him while Officer Prater watched. ECF No. 1 at 4. According to Plaintiff, Willis maced him because he told Willis and Prater that he did not want to take a shower. *Id*. at 5. After macing Plaintiff, they escorted him to see a nurse. *Id*. Plaintiff states that his

> "blood pressure was extremely high" and the nurse indicated he needed "immediate attention." *Id*. at 5. But Officer Prater "refused to let him get seen and threw [him] in a holding cell." *Id*. Plaintiff states he did not see the nurse again until three days later.
>
> Plaintiff also alleges that "Dr. Nolley has been neglecting [him] medically." *Id*. at 4. According to Plaintiff, Dr. Nolley "has not given [him] his pills properly" and has "neglected to do his job." *Id*. at 5. Plaintiff states that "[i]t took ten months to see [a] cardiologist." *Id*.

[Doc. 7, p. 5].

In his Recommendation, Judge Weigle concluded that Plaintiff failed to outline sufficient facts to show that "Prater's actions (or inactions) caused him any injury." [*Id.* at pp. 10–11]. Relatedly, Judge Weigle found that Plaintiff's allegations as to Dr. Nolley were "conclusory and general." [*Id.* at p. 11].

In rebutting those conclusions, Plaintiff's Objections lay out a few more factual allegations, but not enough to change Judge Weigle's well-reasoned analysis. Indeed, Plaintiff adds facts about his heart condition and how the macing incident made that condition worse. [Doc. 8, p. 2]. But, the macing incident is the basis for Plaintiff's other claim—that Judge Weigle permitted to continue to discovery. As to his medical-needs claim, Plaintiff still hasn't shown how the delay in seeing a nurse after being placed in a holding cell (1) is attributable to Officer Prater or Dr. Nolley, or (2) "how this delay harmed him in any way." [Doc. 7, p. 11].

And, as to Dr. Nolley's failure to refer Plaintiff to a cardiologist, Plaintiff still failed to articulate any facts showing "how th[e] ten-months delay [in seeing a

cardiologist] impacted his health, if at all." [Id.]. All Plaintiff offers is a hypothetical injury that he "may have had another heart attack unknowingly." [Doc. 8, p. 4]. That isn't enough to state a deliberate-indifference claim. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990).

Having considered the Recommendation, the Court agrees with Judge Weigle's findings and conclusions. Therefore, the Court **ADOPTS** Judge Weigle's Recommendation [Doc. 7] and **MAKES IT THE ORDER OF THE COURT**. Accordingly, the Court **DISMISSES** Plaintiff's claims of deliberate indifference to medical needs as to Officer Prater and Dr. Nolley.

**SO ORDERED**, this 24th day of February, 2025.

                                                S/ Tilman E. Self, III
                                                **TILMAN E. SELF, III, JUDGE**
                                                **UNITED STATES DISTRICT COURT**